F I L E D
United States Court of Appeals
Tenth Circuit

SEP 30 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JONATHAN T. GARRETT,

      Plaintiff-Appellant,

v.

C.A. STRATMAN, M.D., Chief
of Medical Services, ADX-USP,
Florence, Colorado,

      Defendant-Appellee.

No. 03-1357
(D.C. No. 97-Z-1217)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **MURPHY** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jonathan T. Garrett appeals from the district court's order granting summary judgment in favor of C.A. Stratman, M.D. on Mr. Garrett's claim that Dr. Stratman was deliberately indifferent to Mr. Garrett's serious medical needs in violation of the Eighth Amendment. On appeal, Mr. Garrett argues that the district court erred in granting the motion for summary judgment because Dr. Stratman failed to promptly obtain an orthopedic consultation and failed to expeditiously obtain a transfer for Mr. Garrett to have his shoulder surgery. We review the district court's grant of summary judgment de novo, applying the same standard under Fed. R. Civ. P. 56(c) as the district court. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998).

Initially, we note that Mr. Garrett's counsel failed to follow 10th Cir. R. 28.2(C)(2), which states: "[f]or each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on." Mr. Garrett's brief does not include any such record references. Mr. Garrett's counsel also failed to follow Fed. R. App. P. 30(a)(1) and 10th Cir. R. 30.1(A)(1). These rules require that an appellant provide an appendix with the relevant docket entries from the district court sufficient for considering and deciding the issues on appeal. 10th Cir. R. 30.1(A)(1) incorporates the requirements for 10th Cir. R. 10.3, which indicates that the court need not remedy any failure by counsel to designate an adequate record and that the court may decline to consider an issue

when a party fails to provide a sufficient record for that issue. Finally, Mr. Garrett's counsel failed to follow Fed. R. App. P. 28(a)(9)(A), which states that "[appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

In this case, the magistrate judge granted summary judgment on defendant's motion, but Mr. Garrett failed to include defendant's motion or his response. Mr. Garrett then filed objections to the magistrate's recommendation, but he failed to include those as well. As a result, we cannot properly review all of the arguments raised by Mr. Garrett in his appeal.

Mr. Garrett appears to argue that the fact that he must defend himself in a penitentiary setting supports his position that he was harmed by the delay in obtaining an orthopedic consultation because he could no longer receive reparative surgery. *See* Aplt's Br. at 4, 6-7. Because it is not clear from Mr. Garrett's brief or the record whether Mr. Garrett raised this issue before the district court, we will not consider it on appeal. *See* Fed. R. App. P. 30(a)(1); 10th Cir. R. 30.1(A)(1).

Mr. Garrett also states in his brief: "[t]he next point is that the Defendant Garrett throughout his deposition complained of a disability in his shoulder." Aplt. Br. at 7. There is no analysis following this statement that explains how

this statement supports Mr. Garrett's position on appeal. Accordingly, this argument is waived. *See* Fed. R. App. P. 28(a)(9)(A); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").

With respect to Mr. Garrett's remaining issues, having reviewed the briefs, the record, and the applicable law, we conclude that the district court correctly decided this case. We therefore AFFIRM the judgment for the same reasons stated by the district court in its Order and Judgment of Dismissal filed on July 28, 2003.

Entered for the Court

Robert H. Henry
Circuit Judge